UNITED   STATES   DISTRICT   COURT
SOUTHERN   DISTRICT   OF   OHIO
WESTERN   DIVISION

GLORIA E. NORRIS,                                        Case No. 1:12-cv-811
      Plaintiff,

                                              Weber, J.
      vs                                                       Bowman, M.J.

STATE OF OHIO,                                           **REPORT AND**
      Defendant.                                           **RECOMMENDATION**


       Plaintiff brings this action against the State of Ohio.   By separate Order, plaintiff has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   This matter is

before the Court for a sua sponte review of the complaint to determine whether the complaint, or

any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim

upon which relief may be granted or seeks monetary relief from a defendant who is immune from

such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).

       In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see* 28 U.S.C.

§§ 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the plaintiff cannot make

any claim with a rational or arguable basis in fact or law.   *Neitzke v. Williams,* 490 U.S. at 328-29;

*see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable

legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no arguable factual

basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."

*Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted.   28 U.S.C. §§ 1915 (e)(2)(B)(ii).   Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."   *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."   *Id.* at 557.

Plaintiff brings this lawsuit against the State of Ohio, alleging that false and untrue information was displayed publically in various online docket reports.   In Ground One of the complaint, plaintiff claims that her tax records were falsified.   (Doc. 1, Complaint pp. 1-2).[1]   In Ground Two, she claims that the Canton Municipal Court case docket report inaccurately reflected that plaintiff entered a guilty plea to one count of failure to file city income tax return.   *Id.* at 2. In Ground Three, plaintiff alleges that the false information was published in order to destroy her

---

[1] Plaintiff calls her complaint a "motion to enter law suit."

chance of running for public office.   *Id.*   Finally, in Ground Four, plaintiff contends that the false information contained in the docket reports constitutes slander and defamation of character.   *Id.*

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

The State of Ohio is immune from suit in this federal court.   Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought.   *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).   The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not apply in this case.   The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights.   *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).   Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations.   *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983.   *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979).   Therefore, plaintiff's claims for relief against the State of Ohio should be dismissed.

To the extent that plaintiff intended to name the various federal buildings and courthouses

included in the complaint as defendants,[2] any claims against these parties must also be dismissed

as federal buildings are not entities capable of suing or being sued.   In addition, assuming these

named parties were properly named, plaintiff has failed to specify what involvement these parties

had in the incidents giving rise to this action.   Absent any factual content linking the named

parties to plaintiff's grounds for relief, the Court is unable to draw a reasonable inference that these

parties are liable for the misconduct alleged in the complaint.   *Iqbal*, at 1949.   Accordingly,

plaintiff's claims against the federal buildings and courthouses named in the complaint should be

dismissed.

Accordingly, in sum, plaintiff's complaint should be dismissed on the ground that it fails

to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff's complaint (Doc. 1) be dismissed with prejudice for failure to state a claim

upon which relief may be granted.

2.   The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal in forma pauperis.   Plaintiff remains free to apply to

proceed in forma pauperis in the Court of Appeals.   See *Callihan v. Schneider*, 178 F.3d 800,

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277

(6th Cir. 1997).

   *s/ Stephanie K. Bowman*   
Stephanie K. Bowman
United States Magistrate Judge

---

[2] The complaint also appears to name the following buildings as defendants: John F. Seiberly Federal Building, Carl B. Stokes U.S. Courthouse, James M. Ashley and Thomas W L Ashley U.S. Courthouse, Tomas D. Lambros Federal Building, Potter Stewart U.S. Courthouse, Jos P. Kinneary U.S. Courthouse and "Federal Bldg Rm 712."   (Doc. 1, Complaint pp.1-2).

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

GLORIA E. NORRIS**,**
     Plaintiff,

     vs

STATE OF OHIO,
     Defendant.

Case No. 1:12-cv-811

Weber, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.    This period may be extended further by the Court on

timely motion for an extension.   Such objections shall specify the portions of the Report

objected to and shall be accompanied by a memorandum of law in support of the objections.   If

the Report and Recommendation is based in whole or in part upon matters occurring on the

record at an oral hearing, the objecting party shall promptly arrange for the transcription of the

record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems

sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another

party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make

objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*,

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).